UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HECTOR MUNOZ, | ) | 1:07-CV-01267 GSA HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER GRANTING PETITIONER LEAVE |
| v. | ) | TO WITHDRAW UNEXHAUSTED CLAIMS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| ROBERT ADAMS, Warden, | ) | TO CHANGE NAME OF RESPONDENT |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated December 3, 2007, this case was assigned to the undersigned for all purposes, including entry of final judgment.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tulare, following his conviction by jury trial on May 13, 2003, of: conspiracy to manufacture methamphetamine (Cal. Penal Code

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and the exhibits in support of Respondent's motion to dismiss.

1  § 182(a)(1); Cal. Health & Saf. Code § 11379.6); manufacturing methamphetamine (Cal. Health &
2  Saf. Code § 11379.6(a)); permitting the production of methamphetamine on property he controlled
3  (Cal. Health & Saf. Code § 11366.5(a)); and child endangerment (Cal. Penal Code § 273a(a)). See
4  Exhibit A, Respondent's Motion to Dismiss (hereinafter "Motion"). The jury also found true the
5  enhancement allegations that the substances containing methamphetamine exceeded 10 pounds of
6  solid substance by weight or 25 gallons of liquid by volume within the meaning of Cal. Health &
7  Saf. Code § 11379.8(a)(3). Id. The court sentenced Petitioner to 16 years and 4 months on count one
8  and the related enhancement; count two and its related enhancement were stayed. Id.

   Petitioner appealed the conviction.  On December 2, 2004, the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA") reversed the enhancement as to count one but affirmed the enhancement as to count two, and affirmed the judgment in all other respects. Id. The matter was remanded to the trial court for re-trial of the enhancement or re-sentencing. Id.

   On January 11, 2005, Petitioner filed a petition for review with the California Supreme Court. See Exhibit B, Motion.  Review was summarily denied on February 16, 2005. See Exhibit C, Motion.

   Following remand, the trial court imposed the same sentence as before. See Exhibit D, Motion. The court lifted the stay it had imposed pursuant to Cal. Penal Code § 654 on count two and utilized that count as the base offense. Count one was then stayed. The result was the same sentence.

   Petitioner then appealed to the Fifth DCA. On August 22, 2006, the Fifth DCA affirmed the judgment in a reasoned decision. Id.

   On September 22, 2006, Petitioner filed a petition for review of the second appeal in the California Supreme Court. See Exhibit E, Motion. On October 25, 2006, review was summarily denied. See Exhibit F, Motion.

   On September 4, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner raises the following seven grounds for relief: 1) He contends there was insufficient evidence for conviction of child endangerment; 2) He alleges there was insufficient evidence for conviction of conspiracy to manufacture methamphetamine; 3) He claims there was insufficient evidence to support the conviction of manufacturing methamphetamine; 4) He alleges there was

instructional error with respect to the weight enhancement on count two; 5) He claims there was a constructive denial of counsel due to a conflict of interest; 6) He contends he was not provided an interpreter at a crucial part of the proceedings; and 7) He claims he was provided ineffective assistance of counsel for counsel's failure to notify the court of the alleged conflict of interest and for counsel's failure to consult with Petitioner prior to resentencing.

On November 8, 2007, Respondent filed a motion to dismiss the petition as a mixed petition containing exhausted and unexhausted claims. Petitioner did not file an opposition.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the petition before the Court, Petitioner raises seven grounds for relief. Respondent

concedes that Grounds One, Two, Three, Five, and Six are exhausted; however, Respondent argues that Grounds Four and Seven have not been presented to the California Supreme Court and are therefore unexhausted.  The Court has reviewed the petition for reviews filed with the California Supreme Court and agrees with Respondent. As noted by Respondent, Petitioner did raise a claim challenging the weight enhancement allegation with respect to count two, but this claim focused entirely on an alleged error by the trial court in failing to instruct the jury that they had to find Petitioner was "substantially involved in the direction or supervision of, or in a significant portion of the financing of, the underlying offense." See Exhibit B, Motion. It did not address the actual weight or volume amount as Ground Four does in the instant petition. Therefore, this claim is unexhausted.

As to Ground Seven, Petitioner presented in his second petition for review a claim that he was constructively denied counsel during re-sentencing. See Exhibit E, Motion. Petitioner argued that his attorney's performance was so inadequate when his attorney conceded the same sentence could be imposed on re-sentencing that his attorney in effect provided no assistance whatsoever. Id. In Ground Seven, however, Petitioner argues he was denied ineffective assistance when counsel failed to notify the court of a conflict of interest and when counsel failed to confer with Petitioner prior to re-sentencing. The two claims are distinct. Therefore, Ground Seven also remains unexhausted.

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so.  See Rose, 455 U.S. at 521-22.  However, Petitioner may withdraw the unexhausted claims and go forward with the exhausted claims in lieu of suffering dismissal.

C. Proper Respondent

Respondent states Petitioner is currently housed at Tallahatchie County Correctional Facility and the Warden of that institution is Robert Adams. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, the Clerk will be directed substitute Robert Adams as Respondent in this matter.

///

///

///

# ORDER

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claims. In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the Petition without prejudice.[2]

2) The Clerk of Court is DIRECTED to substitute Robert Adams as Respondent in this matter.

IT IS SO ORDERED.

Dated:    **January 4, 2008**         /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is informed that a dismissal for failure to exhaust will not bar him from returning to federal court after exhausting his available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001). Petitioner is further informed that the Supreme Court has held:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.